**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| CHRISTINA LEPAK, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br> vs.<br><br>CONTINENTAL SERVICE GROUP INC. d/b/a CONSERVE,<br><br>   Defendant. | Case No.: 18-cv-219<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats.

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Christina Lepak is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes, namely federal student loans.

5. Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), that she engaged in a consumer transaction.

6. Defendant Continental Service Group, Inc. ("CSG" or "ConServe") a foreign corporation with its principal place of business located at 200 CrossKeys Office Park, Fairport, New York 14450.

7. CSG does business under the fictional or trade name "ConServe."

8. ConServe is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. ConServe is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes.

10. ConServe is licensed as a "Collection Agency" by the Division of Banking in the Wisconsin Department of Financial Institutions pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg 74.

11. ConServe is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

12. On or about September 19, 2017, ConServe mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "U.S. DEPT OF EDUCATION," ("Dept. of Ed.") and allegedly for "FEDERAL STUDENT LOAN." A copy of this letter is attached to this Complaint as <u>Exhibit A</u>.

13. Upon information and belief, the alleged debt referenced in <u>Exhibit A</u> is an alleged student loan account, which was used only for personal, family or household purposes.

14. Upon information and belief, <u>Exhibit A</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

15. Upon information and belief, <u>Exhibit A</u> is a form debt collection letter used by Defendant to attempt to collect alleged debts.

16. <u>Exhibit A</u> contains the following:

> **Creditor:** U.S. DEPT OF EDUCATION
> **For:** FEDERAL STUDENT LOAN
>
> **Creditor ID:** ▇▇▇▇5010
> **ConServe ID:** ▇▇▇5490
>
> **TOTAL DUE:** $19,494.38

<u>Exhibit A</u>.

17. <u>Exhibit A</u> also states the following:

> This notice is to inform you that pursuant to your prior authorization, ConServe will process your payment in the amount of $10.00 on 09-27-2017 or on the next business day as applicable.

<u>Exhibit A</u>.

18. <u>Exhibit A</u> also contains the following:

> As of the date of this letter, you owe the balance shown on this letter. Because your loan agreement may require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of recovery, which vary from day to day, as you agreed to in your loan agreement, the amount required to pay your loan in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after we receive your payment. In that event, we will notify you of any adjustment in your balance. We encourage you to call prior to making a payment intended to pay your account in full.

<u>Exhibit A</u>

19. <u>Exhibit A</u> is false, deceptive, misleading, confusing, and unconscionable.

20. <u>Exhibit A</u> is misleading and confusing as to whether the account will return to a current status or remain in default pending "payment in the amount of $10.00 on 09-27-2017 or on the next business day as applicable."

21. <u>Exhibit A</u> states the "TOTAL DUE" on the account is $19,494.38.

22. <u>Exhibit A</u> further states that, because of "your loan agreement may require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of

3

recovery, which vary from day to day . . . the amount required to pay your loan in full on the day you send payment may be greater than the amount stated here."

23. The statement that the "TOTAL DUE" on the account is $19,494.38 is inconsistent with the statement that "your loan agreement may require you to pay . . . late charges . . . ."

24. The statement that the "TOTAL DUE" is equal to the total amount owed on the account is a material representation that the balance of the account has been accelerated. Upon information and belief, if the balance Plaintiff's account had not been accelerated, the amount due would be less than the total amount owed. *E.g., Machnik v. RSI Enters.*, 2017 U.S. Dist. LEXIS 160772, at *6 (E.D. Wis. Sept. 29, 2017) ("In the context of a debt, 'owing' an amount is distinguishable from the amount 'due.' For example, a debtor might 'owe' a certain amount on a loan, but only a portion of that amount will be 'due' at a particular time.").

25. The statement that "your loan agreement may require you to pay . . . late charges" is a material representation that the $10.00 payment would cure the default and the loan would be reinstated. *E.g., Rizzo v. Pierce & Assocs.*, 351 F.3d 791, 794 (7th Cir. 2003) ("If, for whatever reason, the Rizzos did not want to pay the late fees, they were free to pay the loan as accelerated. Such a payment would nullify any obligation to pay post-acceleration late fees.").

26. Upon information and belief, the $10.00 payment would not have cured the default. The entire balance of Plaintiff's account would have remained due notwithstanding whether Plaintiff made a $10.00 payment on September 27, 2017.

27. Because, upon information and belief, the balance of Plaintiff's account would have been accelerated notwithstanding the $10.00 payment, Defendant's representation that "your loan agreement may require you to pay . . . late charges" is a material false, deceptive,

4

misleading, and unconscionable threat to impose charges and fees that neither Defendant nor the creditor could, or intended, to impose. *See Boucher v. Fin. Sys. of Green Bay*, 2018 U.S. App. LEXIS 1094, at *8-9 (7th Cir. 2018) (statement that account was subject to "interest, late fees, and other charges" when the account was subject to interest but not late fees or other charges was a material false and misleading statement).

28. Assuming in the alternative that a $10.00 payment actually reinstated the loan, upon information and belief, neither ConServe nor the federal government intended to impose late charges upon reinstatement.

29. Also assuming in the alternative that a $10.00 payment actually reinstated the loan and made it subject to late fees, it would be unconscionable to collect such a payment without explaining the potentially negative implications of the payment to the consumer.

30. In either case, if the account has been reinstated, the amount "due" would not have been equal to the total balance of the account.

31. In any case, Exhibit A is false, deceptive, and misleading because the loan has either been reinstated or it has not; if it has been reinstated, the "amount due" would be considerably less than the total balance "owed," and if it has not been reinstated, neither ConServe, nor the federal government could or would charge late fees.

32. Plaintiff was confused and misled by Exhibit A.

33. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

34. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

5

## The FDCPA

35. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Pogorzelski v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Lorang v. Ditech Fin. LLC*, 2017 U.S. Dist. LEXIS 169286, at *6 (W.D. Wis. Oct. 13, 2017) ("the weight of authority in this circuit is that a misrepresentation about a debt is a sufficient injury for standing because a primary purpose of the FDCPA is to protect consumers from receiving false and misleading information."); *Qualls v. T-H Prof'l & Med. Collections, Ltd.*, 2017 U.S. Dist. LEXIS 113037, at *8 (C.D. Ill. July 20, 2017) ("Courts in this Circuit, both before and after *Spokeo*, have rejected similar challenges to standing in FDCPA cases.") (citing "*Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 U.S. Dist. LEXIS 139743 (C.D. Ill. 2016)); *Long v. Fenton & McGarvey Law Firm P.S.C.*, 223 F. Supp. 3d 773, 777 (S.D. Ind. Dec. 9, 2016) ("While courts have found that violations of other statutes . . . do not create concrete injuries in fact, violations of the FDCPA are distinguishable from these other statutes and have been repeatedly found to establish concrete injuries."); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C

10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

36. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

37. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. 15 U.S.C. § 1692e(2)(a) specifically prohibits "The false representation of— the character, amount, or legal status of any debt.

7

39. 15 U.S.C. § 1692e(5) specifically prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

40. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

41. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

42. 15 U.S.C. § 1692f(1) specifically prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

### *The WCA*

43. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

44. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

45. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

46. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also

8

competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

47. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

48. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

49. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

50. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

51. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer or a person related to the customer with such frequency of at such unusual hours or in such a manner as can reasonably be expected to threaten or harass the customer."

52. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct . . . in such a manner as can reasonably be expected to threaten or harass the customer."

53. The Wisconsin Department of Financial Institutions, which is tasked with the regulation of licensed debt collectors, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## COUNT I – FDCPA

54. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

55. Exhibit A makes a materially misleading representation that Plaintiff's account is subject to the addition of late fees when neither the debt collector, nor the creditor, could or does seek these charges in the ordinary course of business for accounts that have been accelerated and remain in default.

56. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f, and 1692f(1).

## COUNT II – FDCPA

57. Plaintiff brings Count II in the alternative to Count I and assumes the default has been cured and the loan has been reinstated.

58. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

59. Exhibit A makes a materially misleading representation that Plaintiff's account is subject to the addition of late fees when neither the debt collector, nor the creditor, could or does seek these charges in the ordinary course of business for accounts that have been accelerated and reinstated.

60. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5), 1692e(10), 1692f, and 1692f(1).

## COUNT III – FDCPA

61. Plaintiff brings Count III in the alternative to Counts I and II and assumes the loan has been reinstated, and the debt collector, or the creditor, intended to impose late fees.

62. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

63. Exhibit A is false, deceptive, misleading, and unconscionable in failing to disclose that the account was not be subject to late fees as long as the balance remained accelerated but would be subject to late fees upon the processing of Plaintiff's $10.00 payment.

64. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), and 1692f.

## COUNT IV – WCA

65. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

66. Defendant is licensed as a collection agency by the Division of Banking in the Wisconsin Department of Financial Institutions.

67. Exhibit A makes a materially misleading representation that Plaintiff's account is subject to the addition of late fees when neither the debt collector, nor the creditor, could or does seek these charges in the ordinary course of business for accounts that have been accelerated and remain in default.

68. Alternatively, Exhibit A makes a materially misleading representation that Plaintiff's account is subject to the addition of late fees when neither the debt collector, nor the creditor, could or does seek these charges in the ordinary course of business for accounts that have been accelerated and reinstated.

69. Alternatively, Exhibit A is false, deceptive, misleading, and unconscionable in failing to disclose that the account was not be subject to late fees as long as the balance remained accelerated but would be subject to late fees upon the processing of Plaintiff's $10.00 payment.

70. Exhibit A contains false threats.

71. Exhibit A is a communication that violates the FDCPA and can reasonably expected to harass the customer.

72. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

73. Plaintiff brings this action on behalf of two Classes.

74. Class I consists of (a) all natural persons in the United States of America, (b) who were sent collection letters in the form represented by Exhibit A to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes, (d) between February 9, 2017 and February 9, 2018, inclusive, (e) that was not returned by the postal service.

75. Class II consists of (a) all natural persons in the State of Wisconsin (b) who were sent collection letters in the form represented by Exhibit B to the complaint in this action, (c) seeking to collect a debt, incurred for personal, family or household purposes, (d) between February 9, 2017 and February 9, 2018, inclusive, (e) that was not returned by the postal service.

76. Each Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

77. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and/or the WCA.

78. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

79. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

80. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

81. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: February 9, 2018,

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com